### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) AMTRUST INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-00033-JFJ |
| | ) | |
| (1) BLUE SPEED LLC d/b/a | ) | |
| BLUESPEED AV, (2) RYAN SULLIVAN, | ) | |
| (3) BRYAN TOSH, (4) SAM RUGELEY, and | ) | |
| (5) SANTIAGO JAIME BARRAZA | ) | |
| REYES, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff, AmTrust Insurance Company, for its Complaint for Declaratory Judgment against Defendants Blue Speed LLC d/b/a BlueSpeed AV, Ryan Sullivan, Bryan Tosh, Sam Rugeley, and Santiago Jaime Barraza (hereinafter collectively "Defendants") states as follows:

## NATURE OF THE ACTION

1.    This lawsuit is a declaratory judgment action concerning the availability of insurance coverage under a policy of insurance issued to Blue Speed LLC d/b/a BlueSpeed AV, with respect to an underlying lawsuit which has been filed against Defendants in the District Court of Tulsa County, Oklahoma. This Complaint is being brought pursuant to 28 U.S.C. §§ 2201 and 2202.

## JURISDICTION

2.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332(a).

3.      AmTrust Insurance Company, (hereinafter "AmTrust") is a corporation organized under the laws of the State of Delaware and is therefore a citizen of Delaware. AmTrust's principal place of business is located in New York, New York.

4.      Blue Speed LLC d/b/a BlueSpeed AV (hereinafter "Blue Speed") is a limited liability company organized under the laws of the State of Oklahoma and therefore a citizen of Oklahoma. Blue Speed's principal place of business is in Tulsa, Oklahoma.

5.      Upon information and belief, Defendant Ryan Sullivan is a citizen of the State of Oklahoma.

6.      Upon information and belief, Defendant Bryan Tosh is a citizen of the State of Oklahoma.

7.      Upon information and belief, Defendant Sam Rugeley is a citizen of the State of Oklahoma.

8.      Upon information and belief, Defendant Santiago Jaime Barraza Reyes is a citizen of the State of Oklahoma.

9.      The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

10.     Venue in this district is proper pursuant to 28 U.S.C. §1391(b)(1) and (2) because, on information and belief, Blue Speed resides in this district and a substantial part of the events giving rise to the claims occurred in this district.

11.     AmTrust issued a Commercial General Liability Policy, policy number KPP1052488 04 to Blue Speed LLC with effective dates of November 8, 2022 to November 8, 2023. (hereinafter "the Policy").

12. On or about June 30, 2025 Plaintiff Jonathan Kantor initiated a lawsuit in the District Court for Tulsa County, Oklahoma, case no. CJ-2025-2877 (hereinafter "the Underlying Suit").[1]

13. In the Underlying Suit Jonathan Kantor alleges Defendants installed an audio/visual system (hereinafter "the AV System") in his home in approximately late 2021 and early 2022. Plaintiff Kantor alleges in July of 2023, after delays in the installation, he was told by Defendants the AV System was devastated by lightning strikes in the area, and as a result Defendants informed Plaintiff Kantor parts of the AV System required replacement as well as a recommendation of the installation of an energy management system to prevent future damage from lighting strikes.

14. Plaintiff Kantor alleges in the Underlying Suit he filed a claim with his insurance company relating to the damage to the AV System, and upon inspection by his insurance carrier and its agents, the carrier found the AV System was not damaged by a lightning strike but rather that network cables relating to the AV System were not plugged in. Plaintiff Kantor alleges Defendants intentionally disconnected the network cables for the AV System and further intended to defraud Plaintiff Kantor in their actions in identifying issues with the AV System and the installation of the energy management system. In the alternative Plaintiff Kantor alleged Defendants were negligent in the installation of the AV System.

15. Defendants have sought coverage from AmTrust under the Policy in relation

---

[1] Plaintiff filed an Amended Petition September 2, 2025.

to the Underlying Suit and claims against Defendants.

16.     AmTrust respectfully submits there is a justiciable controversy in relation to the claims presented by Defendants, and AmTrust denies it is obligated to provide insurance coverage for Defendants in the Underlying Suit and denies it has any duty to defend or indemnify Defendants under the Policy in relation to the claims alleged against Defendants in the Underlying Suit.

17.     An actual controversy, as that term is used in 28 U.S.C. §§ 2201, exists between AmTrust on the one hand, and Defendants on the other, regarding the issue of whether AmTrust has any coverage obligations in connection with the Underlying Suit.

18.     The Policy includes the "Coverage A Bodily Injury and Property Damage Liability" document bearing form CG 00 01 04 13, at Section I – Coverages, Coverage A which contains the following language:

**SECTION I – COVERAGES**
**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
**1. Insuring Agreement**
    **a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. . . .**
    **b. This insurance applies to "bodily injury" and "property damage" only if:**
    **(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory"; . . .**

19.     "Property damage" and "occurrence" are defined, in relevant part, in the Policy, Section V – Definitions as follows:

**"Property damage" means:**
    **a.  Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or**

    **b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. . . .**

**"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.**

20.      "Bodily injury" is defined in Policy form GL99 0200 1017 as follows:

**"Bodily injury" means injury, sickness or disease sustained by a person. This includes mental anguish, mental injury, shock, fright or death resulting from "bodily injury", sickness or disease.**

21.      In the Underlying Suit, Plaintiff Kantor is claiming Defendants did not install the AV System timely and further either intentionally misled Plaintiff Kantor about the AV System failure or negligently failed to properly install the AV System, including Defendants recommendation Plaintiff Kantor purchase an energy management system.

22.      Section I – Coverages, Coverage A Bodily Injury and Property Damage Liability, Exclusions, at paragraph 2.a, in the Policy provides:

**2.  Exclusions**
   **This insurance does not apply to:**
   **a.  Expected Or Intended Injury**
      **"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.**

23.      Plaintiff Kantor alleges the conduct of Defendants was fraudulent with the intent to cause Plaintiff Kantor to purchase replacement AV System components and an unnecessary energy management system in the Underlying Suit. Further Plaintiff Kantor

alleges Defendants received a commission for the energy management system as a result of Defendants' wrongful actions. As set forth in Paragraph 22 above, the Policy does not provide coverage for "bodily injury" or "property damage" intended or expected from the standpoint of Defendants.

24. Further, Coverage A, 2.j, states in relevant part:

**2. Exclusions**
**This insurance does not apply to: . . .**
**j. Damage To Property**
**"Property damage" to:**
**(5) That particular part of real property on which you or any contractors or subcontractors working directly or indirectly on your behalf are performing operations, if the "property damage" arises out of those operations; or**
**(6) That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it. . .**
**Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard".**

"Your work" and "products-completed operations hazard" are defined in part in Section V – Definitions of the Policy form CG 00 01 04 13 provides:

**"Your work":**
**a. Means:**
**(1) Work or operations performed by you or on your behalf; and**
**(2) Materials, parts or equipment furnished in connection with such work or operations.**
**b. Includes:**
**(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your work", and**
**(2) The providing of or failure to provide warnings or instructions.**

**"Products-completed operations hazard":**
**a. Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:**

**(1) Products that are still in your physical possession; or**

**(2) Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:**

> **(a) When all of the work called for in your contract has been completed.**
>
> **(b) When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.**
>
> **(c) When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.**

**Work that may need service, maintenance, correction, repair or replacement, but which is otherwise complete, will be treated as completed. . . .**

25.    Plaintiff Kantor alleges in the Underlying Suit Defendants installation of the AV System and subsequent failure to properly diagnose issues with the AV System resulted in Plaintiff Kantor's loss of use of his AV System. No coverage is available under the Policy for any "property damage" to real property on which Defendants were performing operations or to property which must be restored, repaired or replaced because Defendants work was incorrectly performed on the AV System.

26.    Further, Coverage A, 2.k, provides:

**2. Exclusions**
**This insurance does not apply to: . . .**
**k.  Damage To Your Product**
**"Property damage" to "your product" arising out of it or any part of it.**

"Your product" is defined in part in Section V – Definitions of the Policy as follows:

**"Your product":**
  **a.  Means:**
  **(1) Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:**
   **(a)  You; . . .**

**(2) Containers (other than vehicles), materials, parts or equipment furnished in connection with such goods or products.**
**b. Includes:**
**(1) Warranties or representations made at any time with respect to the fitness, quality, durability, performance or use of "your product", and**
**(2) The providing of or failure to provide warnings or instructions.**
**. . .**

27.    Plaintiff Kantor alleges in the Underlying Suit the AV System sold and installed by Defendants did not operate properly because of a faulty port switch and unplugged network cables, and the energy management system sold and installed by Defendants is non-functional. As such, no coverage is available under the Policy for any "property damage" to Defendants' products arising out of it or any part of it.

28.    Coverage A, 2.m, also provides:

**2. Exclusions**
**This insurance does not apply to: . . .**
**m. Damage To Impaired Property Or Property Not Physically Injured**

**"Property damage" to "impaired property" or property that has not been physically injured, arising out of:**
   **(1) A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work"; or**
   **(2) A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.**
**This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.**

"Impaired property" is defined in Section V-Definitions of the Policy provides:

**"Impaired property" means tangible property, other than "your product" or "your work", that cannot be used or is less useful because:**
   **a. It incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous; or**

**b. You have failed to fulfill the terms of a contract or agreement;  if such property can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or your fulfilling the terms of the contract or agreement.**

29.    In the Underlying Suit Plaintiff Kantor is seeking damages for the loss of use of his AV System and home due to Defendants failure to timely install the AV System and properly diagnose the cause of the system's failure. Plaintiff Kantor alleges once another AV service provider properly connected the network cables and replaced the port switch the AV System was fully functional, thereby restoring use of his AV System and use of his home.  No coverage is available under the Policy for damage to property not physically injured or "impaired property," i.e., tangible property which cannot be used or is less useful because it incorporates "your product" or "your work" that is known or thought to be defective, deficient, inadequate or dangerous or because you have failed to fulfill the terms of the contract or agreement, which can be restored to use by the repair, replacement, adjustment or removal of "your product" or "your work" or by your fulfilling the terms of the contract or agreement.

30.    Next, the Policy form, GL99 0214 1017, Exclusion – Punitive or Exemplary Damages provides:

**EXCLUSION – PUNITIVE OR EXEMPLARY DAMAGES**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

**It is agreed that this policy excludes any claim for "punitive or exemplary damages" whether arising out of the acts of the insured, insured's "employees" or any other person. The company shall not have an obligation to pay for any costs, interest, or damages**

attributable to "punitive or exemplary damages".

**Definition: "Punitive or Exemplary Damages" means damages, other than compensatory and nominal damages, awarded against a person to punish and to discourage him and others from similar conduct in the future and shall include exemplary damages.**

31.    In the Underlying Suit Plaintiff Kantor is seeking punitive damages, however no coverage is available under the Policy for any award of punitive damages as set forth in Paragraph 30 above.

WHEREFORE, Plaintiff AmTrust Insurance Company, prays this Court enter declaratory judgment in its favor and against Defendants, declaring, adjudging, and decreeing as follows:

(a)    Section I of the Policy provides no coverage for the Underlying Suit, as the Underlying Suit does not trigger coverage in relation to any property damage claim or bodily injury ;

(b)    The Exclusions of the Policy are applicable and preclude coverage for Defendants in the Underlying Suit;

(c)    Section V of the Policy provides no coverage for the Underlying Suit;

(d)    The Policy provides no coverage for punitive damages in the Underlying Suit;

(e)    That, for any or all of the reasons stated above, AmTrust has no duty to defend Defendants in the Underlying Suit; and

(f)    That, for any or all of the reasons stated above, AmTrust has no duty to indemnify Defendants in the Underlying Suit;

(g)    That AmTrust is entitled to such further relief this Court deems appropriate.

Respectfully submitted,


s/Thomas A. Paruolo_____
Derrick T. DeWitt, OBA #18044
Thomas A. Paruolo, OBA #18442
DEWITT PARUOLO & MEEK, PLLC
P.O. Box 138800
Oklahoma City, OK 73113
T: (405) 705-3600 │F: (405) 705-2573
dewitt@46legal.com
tparuolo@46legal.com
***Attorneys for Plaintiffs***